Dear Mr. Courcelle:
We have received your letter of November 8, 2002, wherein you have requested our legal opinion on behalf of the City of Harahan. Your question is as follows:
 Whether an interim appointment of a newly elected official would be considered a `term' for purposes of term limit application under Municipal Ordinance 1046?
It is our opinion that an interim appointment of a newly elected official would not be considered a "term" for purposes of term limit application in the City of Harahan under Municipal Ordinance 1046, for the reasons that follow.
LSA-R.S. 33:383.1 provides, "the board of aldermen of the city of Harahan may enact an ordinance limiting the number of terms of office which any elected official of the municipality may serve to two consecutive terms in the same office ". (Emphasis added). Municipal Ordinance No. 1046 of the City of Harahan provides:
 SECTION 1. There is a limitation hereby enacted on the number of consecutive terms of office which any and all elected official of the City of Harahan may serve of two (2) consecutive terms in the same office not counting any terms an elected official was elected to prior to the effective date of this ordinance as is authorized by the provisions of R.S. 33:383.1. (Emphasis added).
For the purposes of this opinion, we assume that this ordinance was approved by a majority of the qualified electors of the City of Harahan in an election for held for that purpose. Your letter states the factual matter at issue, which in sum is that the Governor wants to appoint the newly elected Chief of Police, who takes office January 1, 2003, to serve out the remainder of the present term, which expires December 31, 2002, due to the death of the chief of police in August of this year.
It is our opinion that an appointment to serve the remainder of the term in this matter is not equivalent to an election and therefore, the appointment would not fall within the limitation of the term of office for an elected chief of police under the local ordinance and/or state law. It is clear that the local ordinance and the state law provision on this subject applies only to the election of a public official and not theappointment of same. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." LSA-C.C. art. 9.
Trusting this opinion is responsive to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: November 20, 2002